```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
───────────────────────────────

MICHAEL J. BURDICK,

                         Plaintiff,      6:17-cv-06604-MAT
                                              **DECISION AND ORDER**

        -vs-

NANCY A. BERRYHILL,
Acting Commissioner OF Social Security,

                         Defendant.
───────────────────────────────

**INTRODUCTION**

Michael J. Burdick ("Plaintiff"), represented by counsel, brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("Defendant" or "the Commissioner") denying his application for supplemental security income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgement on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied and Defendant's motion is granted.

**PROCEDURAL BACKGROUND**

On March 27, 2014, Plaintiff protectively filed an application for SSI, alleging disability as of July 1, 2008, due to lymphoma, type 2 diabetes, high blood pressure, high cholesterol, tendinitis of the right shoulder, and hypertension. Administrative Transcript

("T.") 79. The claim was initially denied on June 16, 2014. T. 91-93. At Plaintiff's request, a video hearing was conducted on January 21, 2016, in Falls Church, Virginia by administrative law judge ("ALJ") Julia D. Gibbs, with Plaintiff appearing via video conference with his attorney in Rochester, New York. A vocational expert ("VE") also testified. T. 29-67.

The ALJ issued an unfavorable decision on April 6, 2016. T. 7-24. Plaintiff timely requested review of the ALJ's decision by the Appeals' Council. T. 138. On June 28, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. § 404.1520(a). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the application date. T.12.

At step two, the ALJ determined that Plaintiff had the "severe" impairments of: degenerative disc disease; rotator cuff tear with chronic long head biceps rupture; status post right shoulder surgery; and diabetes mellitus type 2. *Id*.

The ALJ also considered Plaintiff's history of neuropathy in his feet in the context of his diabetes mellitus, Plaintiff's

history of lymphoma (in remission), Plaintiff's treatment for depression, Plaintiff's diagnoses of alcohol dependence and nicotine dependence, hyperlipidemia, trochanteric bursitis of the left hip, hernia, and hypertension, and Plaintiff's obesity. The ALJ determined that, based on the medical records, none of the above listed impairments were expected to persist at a severe level for a continuous 12-month period during the period under consideration, and/or they did not cause more than a minimal limitation on Plaintiff's ability to perform basic work activities, and therefore were nonsevere. T. 12-13.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. T. 14.

Before proceeding to step four, the ALJ assessed Plaintiff as having the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with the additional limitations: the work can be performed either sitting or standing; and the work does not require lifting more than ten pounds with the right hand or overhead work. T. 14.

At step four, the ALJ determined that Plaintiff had no past relevant work. T. 22. At step five, the ALJ relied on the VE's testimony to find that, taking into account Plaintiff's age, education, work experience, and RFC, there are jobs that exist in

3

significant numbers in the national economy that Plaintiff can perform, including the representative occupations of cleaner polisher, hand sander, and production solderer. T. 23. The ALJ accordingly found that Plaintiff was not disabled as defined in the Act. *Id*.

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172,

179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff seeks remand of this matter, arguing the following: (1) the ALJ failed to properly evaluate the medical opinion of Plaintiff's treating physician, Dr. Richard S. Dent; and (2) the ALJ improperly elevated her own lay opinion over the opinions of the acceptable medical sources of record. For the reasons discussed below, the Court finds Plaintiff's arguments are without merit and accordingly affirms the Commissioner's final determination.

**I. Assessment of the Opinion of Treating Physician Dr. Dent**

Plaintiff argues that the ALJ failed to consider relevant evidence of record when evaluating and subsequently affording little weight to the opinion of Plaintiff's treating physician, Dr. Richard S. Dent. The Court disagrees, for the reasons discussed below.

On June 10, 2015, Dr. Dent completed a Monroe County Department of Human Services Physical Assessment for Determination of Employability form. T. 305-310. On the form, Dr. Dent noted treating Plaintiff since 2010 and having evaluated Plaintiff nine times in the twelve months prior to completing the form. T. 310. Dr. Dent further noted that a full exam, including an exam of Plaintiff's general appearance, gait, musculoskeletal system, neurological system, and extremities, was not performed on the day

5

the form was completed. T. 307-08. Circling the relevant sections of the form, Dr. Dent opined Plaintiff: had no evidence of limitations in his ability to see, hear, or speak in an eight hour workday; was moderately limited (defined as two to four hours) in his ability to sit during an eight hour workday; and was very limited (defined as one to two hours) in his ability to walk, stand, push, pull, bend, lift, or carry in an eight hour workday. T. 308. Dr. Dent opined Plaintiff would be able to participate in activities such as work, education, or training, for twenty hours per week with reasonable accommodations. T. 309. The form requested reasons be provided for time periods less than forty hours per week; however, Dr. Dent included none. *Id*. Dr. Dent opined Plaintiff's limitations were expected to last six months. *Id*. He further opined Plaintiff should avoid repetitive use of his right arm and prolonged standing, walking, bending, and lifting greater than fifteen pounds. *Id*.

In the treatment notes corresponding to the June 10, 2015 assessment, Dr. Dent noted there was no general exam, but only a discussion. T. 508. He observed Plaintiff did not appear to be in pain, but had a very depressed affect during the discussion. *Id.* Dr. Dent noted Plaintiff had ongoing shoulder pain which continued to limit him. *Id*. He also noted Plaintiff had ongoing back pain and was resistant to stopping morphine. Dr. Dent noted he would not increase the dose, despite Plaintiff claiming the morphine wore off

6

early, and instead advised Plaintiff that he should take muscle relaxants regularly at night. *Id*.

In her decision, the ALJ gave little weight to Dr. Dent's June 2015 opinion, noting that a functional assessment was not conducted at that time. T. 21. The ALJ also declined to give great weight to the functional limitations given in the source statement because Dr. Dent did not perform an examination of Plaintiff that day and the circled responses of the assessment were not supported with detailed medical explanations. *Id*. The ALJ further noted that Dr. Dent only assigned a six month expected duration to the functional limitations provided in the statement, and therefore did not opine as to the permanency of Plaintiff's impairments. *Id*.

Plaintiff argues the reasons provided by the ALJ for discounting Dr. Dent's opinion are insufficient because an exam on the actual day the opinion was rendered was unnecessary, due to Dr. Dent's treatment of Plaintiff for two years prior to the June 2015 opinion, during which he had conducted numerous exams on Plaintiff. Furthermore, Plaintiff argues, Dr. Dent was provided with copies of examinations performed by other providers that he was able to base his opinion on. The Court finds these arguments are without merit.

Pursuant to the regulations applicable to Plaintiff's claim, an ALJ is required to give controlling weight to the opinion of a treating physician so long as it is "well-supported by medically

7

acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). However, it is permissible for an ALJ to give less than controlling weight to a treating physician's opinion he or she finds does not meet this standard, provided he or she "comprehensively set[s] forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see* 20 C.F.R. § 404.1527(c)(2) (stating the agency "will always give good reasons in our notice of determination or decision for the weight we give to [the claimant's] treating source's opinion").

In this case, the ALJ set forth several legitimate reasons for not giving great weight to the opinion of Plaintiff's treating physician, Dr. Dent. Specifically, the ALJ noted Dr. Dent did not perform an examination of Plaintiff when completing his assessment, nor did he provide detailed medical explanations for the limitations in the assessment. This was an appropriate consideration for the ALJ to take into account. *See Alachouzos v. Comm'r of Soc. Sec.*, No. 11 CIV. 1643 BMC, 2012 WL 601428, at *3-5 (E.D.N.Y. Feb. 23, 2012) (the opinion of a treating physician that is based mainly on the claimant's complaints rather than on objective findings is not entitled to controlling weight); *Monzeglio v. Comm'r of Soc. Sec.*, No. 17-CV760 (JPO), 2018 WL

8

1578228, at *4 (S.D.N.Y. Mar. 28, 2018) (ALJ did not err in affording less than controlling weight to treating physician's opinion where there was "minimal evidence" the treating physician had "conducted any physical examinations" of the plaintiff) (citing *Cosnyka v. Colvin*, 576 F. App'x 43, 45 (2d Cir. 2014) (discounting treating physican's opinion because it was not supported by objective medical evidence)). The ALJ further noted that Plaintiff's medical records, which include Dr. Dent's treatment notes, did not support a more limited ability to work than what the RFC finding accounted for. T. 21.

Insofar as Plaintiff argues Dr. Dent's prior examinations eliminated the need for him to perform a full contemporaneous examination of Plaintiff before completing the June 2015 assessment, the ALJ's thorough summary of Dr. Dent's treatment notes revealed a lack of substantial evidence supporting the June 2015 assessment. *See* T. 16-21. Specifically, the Court notes that in her discussion, the ALJ reviewed and discussed treatment notes from ten separate visits between January 2014 and October 2015 in her decision. *Id.* A review of these treatment notes shows that no physical examination was performed during six of the ten visits. *See* T. 271, 466, 495, 501, 508, 514. Moreover, the medical record indicates the last physical exam Dr. Dent performed on Plaintiff prior to completing the June 2015 assessment was on November 12, 2014, when Plaintiff complained of left leg and foot pain. T. 486-

9

91. Plaintiff's shoulder pain was not addressed at that visit. *Id*. After reviewing and summarizing the above reports in her decision, the ALJ concluded the examinations of record did not support the limitations Dr. Dent opined to in the June 2015 assessment. Accordingly, the Court finds that the ALJ's decision to give less than controlling weight to Plaintiff's treating physician is supported by substantial evidence of record and remand is not warranted on this basis. *See, e.g., Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (ALJ permissibly gave less than controlling weight to treating physician's opinion where they were unsupported by his contemporaneous treatment notes).

To the extent Plaintiff argues that Dr. Dent properly relied on physical examinations performed by other physicians, this conclusion is unsupported by the record. The physical examinations Plaintiff cites to in support of his argument do not undercut the ALJ's findings. For example, Plaintiff cites to a physical examination performed by orthopedic surgeon Dr. Michael Colucci on April 10, 2014. *See* Docket 9-1 at 18 referring to T. 431. However, Dr. Colucci observed that Plaintiff had a full range of motion of his cervical spine with no focal tenderness, distal strength of 5/5 in the bilateral upper extremities, and "near full" external rotation strength. T. 431. Dr. Colucci further noted that x-rays of Plaintiff's right shoulder showed "no evidence of fracture, destructive lesion, or degenerative change." *Id*. Plaintiff has

failed to proffer any argument for how these examination findings by Dr. Colucci provide support to Dr. Dent's opinion. Moreover, all three of the physical examinations cited by Plaintiff occurred prior to Plaintiff's July 2, 2014 shoulder surgery (*see* T. 439-442), whereas Dr. Dent's opinion was rendered nearly one year after the surgery. Plaintiff has also not explained how Dr. Dent could have properly relied on these outdated physical examination results in assessing Plaintiff's limitations.

Plaintiff has also made a cursory argument that the ALJ should have recontacted Dr. Dent regarding the expected duration of his limitations. The Court is not persuaded by this argument. An ALJ is required to recontact a physician only "if the records received were inadequate . . . to determine whether [Plaintiff was] disabled." *Brogan-Dawley v. Astrue*, 484 F. App'x 632, 634 (2d Cir. 2012) (internal quotation omitted). In this case, the evidence of record was substantial and, as discussed further below, the ALJ was capable to make an appropriately supported RFC assessment. Accordingly, no duty to recontact Dr. Dent existed.

**II. The ALJ's RFC Findings are Supported by Substantial Evidence**

Plaintiff's second argument is that the ALJ elevated her own lay opinion over the medical opinions of record regarding Plaintiff's right arm limitations, and then improperly formed her own assessment of Plaintiff's functional capacity. For the reasons set forth below, the Court finds this argument lacks merit.

As discussed above, the ALJ permissibly gave little weight to the opinion of Plaintiff's treating physician, Dr. Dent. The Court need not repeat that analysis here, but notes that, to the extent Plaintiff's second argument relies on Dr. Dent's opinion, it must fail, for the reasons previously discussed.

In her decision, the ALJ also considered the opinion of consultative examiner Dr. Aharon Wolf and the non-examining assessment of State agency medical consultant Dr. I. Seok. Plaintiff argues that the ALJ's assessment of these opinions was erroneous.

Dr. Wolf examined Plaintiff on May 16, 2014. T. 299-302. Dr. Wolf noted that Plaintiff lived with his girlfriend and three children. Plaintiff reported he cooked three times per week, cleaned three times per week, and performed childcare. He showered, bathed, and dressed himself daily. T. 300. Upon examination, Plaintiff appeared to be in no acute distress. He exhibited a normal gait, was able to walk on his heels and toes without difficulty, and performed a full squat. *Id*. Plaintiff showed full flexion, extension, and lateral flexion bilaterally of the cervical spine, along with full rotary movement bilaterally. T. 301. Plaintiff's lumbar spine showed flexion at seventy degrees, full extension, full lateral flexion bilaterally, and full rotary movement bilaterally. *Id*. Plaintiff's right shoulder showed forward elevation of thirty degrees, abduction at thirty degrees, and

12

external rotation at thirty degrees. *Id*. Plaintiff's left shoulder showed full elevation, abduction, and external rotation. Plaintiff exhibited a full range of motion in his elbows, forearms, wrists bilaterally, hips, knees, and ankles bilaterally. *Id*. Dr. Wolf noted an X-ray of Plaintiff's right shoulder was normal. T. 302. Dr. Wolf diagnosed Plaintiff with lymphoma, right shoulder pain, low back pain, diabetes, and hypertension. *Id*. Dr. Wolf opined Plaintiff had moderate limitations for lifting, climbing, and repetitive use of the right arm. *Id*.

In her decision, the ALJ gave limited weight to Dr. Wolf's May 2014 opinion. T. 21. The ALJ noted that evidence at the hearing level, including Dr. Dent's treatment records and a neurological consultation performed in June 2015, did not support moderate limitations for lifting, climbing, and repetitive use of the right arm, but instead supported the need for work that may be performed either sitting or standing. *Id*.

With respect to Dr. Seok's opinion, the ALJ noted that Dr. Seok's June 2014 non-examining assessment was written prior to Plaintiff's falls sustained in July and September 2014. Accordingly, the ALJ found Dr. Seok's opinion that Plaintiff was able to stand and/or walk for about six hours in an eight hour workday, and sit for about six hours in an eight hour workday, with unlimited ability to push and/or pull other than some mild lifting

13

restrictions, did not properly account for the greater degree of limitation supported by other evidence. T. 21.

The Court finds no error in the ALJ's consideration of the medical opinions of record. The Court notes that the ultimate finding of whether a claimant is disabled and cannot work is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(1). An ALJ assessing a disability claim is required to "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The ALJ's finding need "not perfectly correspond with any of the opinions of medical sources." *Id.*; *see also O'Neil v. Colvin*, No. 13-CV-575-JTC, 2014 WL 5500662, at *6 (W.D.N.Y. Oct. 30, 2014) ("the ALJ's finding need not track any one medical opinion"); *Breinin v. Colvin*, No. 5:14-CV-01166(LEK TWD), 2015 WL 7749318, at *3 (N.D.N.Y. Oct. 15, 2015), report and recommendation adopted, 2015 WL 7738047 (N.D.N.Y. Dec. 1, 2015) ("It is the ALJ's job to determine a claimant's RFC, and not to simply agree with a physician's opinion."). Moreover, an ALJ is permitted to discount portions of a consultative examiner's opinion where it is not supported by the medical evidence of record. *See Christina v. Colvin*, 594 F. App'x 32, 33 (2d Cir. 2015) (ALJ did not commit reversible error "by dismissing a portion of the opinion of [the] consultative examiner").

In this case, the ALJ set forth legitimate reasons for limiting the weight assigned to the opinions of Dr. Wolf and Dr. Seok, noting that Plaintiff's medical records did not support a more limited ability to work than the RFC finding accounted for. T. 21. Moreover, the Court notes that the RFC finding accounts for the lifting and repetitive use of the right arm limitations Dr. Wolf opined, directing that Plaintiff not be required to lift more than ten pounds with the right hand or do any overhead work. *See* T. 14. The ALJ's thoughtful incorporation of medically supported limitations into the RFC finding, rather than a mere regurgitation of the medical opinions of record, was appropriate.

The ALJ's RFC assessment was supported by the medical evidence of record. As the ALJ noted, by September 2014 (following his shoulder surgery by Dr. Colucci), Plaintiff had a full range of motion in his right shoulder. *See* T. 17, 451. While Plaintiff did later complain of pain in his shoulder, his physical examination findings were inconsistent with his subjective complaints, and he failed to follow through with Dr. Dent's referral to a specialist. T. 17, 57, 492-95, 501. The ALJ reasonably relied on this medical evidence in assessing the medical opinions of record, and appropriately explained her reasoning for the weight given to those opnions. Accordingly, the Court finds remand is not warranted on this basis.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied. The Commissioner's opposing motion for judgement on the pleadings (Docket No. 11) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                         S/Michael A. Telesca
                                         _____
                                         HONORABLE MICHAEL A. TELESCA
                                         United States District Judge

Dated:   September 26, 2018
         Rochester, New York